**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| **GREGORY MARSHALL, # 183459,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. RWT-14-0866 |
| | * | |
| **DR. AMY GREEN-SIMMS, et al.,** | * | |
| | * | |
| Defendants. | * | |
| | * | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Gregory Marshall files this 42 U.S.C. § 1983 civil rights action seeking money damages[1] against Defendants Joseph Ebbitt, Director of Risk Management, HIPAA Compliance, and Legal Affairs for Wexford Health Sources, Inc. ("Wexford") and three ophthalmologists who provide eye care to prisoners within the Maryland Division of Correction ("DOC"). Compl. 1, ECF No. 1.  Marshall alleges Ebbitt failed to approve payment of special contact lenses[2] prescribed and fitted for him at Johns Hopkins Hospital on January 15, 2013. Compl. 2. Marshall further claims that Dr. Strickland and Dr. Amy Green-Simms[3] refused to provide him pain medication for migraines he attributes to the delay in obtaining the lenses. *Id.* at 2–3. On July 14, 2014, Ebbitt filed a Motion for Summary Judgment. ECF No. 19.  On August 6 and October 28, 2014, Marshall filed his Oppositions. ECF Nos. 26, 29. On August 11, October 29,

---

[1] Marshall also seeks injunctive relief mandating that he be provided the contact lenses at issue. As he has received the contact lenses, this request is deemed moot. *See* Am. Mot. Summ. J. 3, ECF 31-2.

[2] Marshall suffers from keratoconus, a condition in which the cornea of the eye loses its dome shape and bulges outward. *See* Brian S. Boxer Wachler, MD, *Eye Health and Keratoconus*, WebMD, LLC (March 7, 2013), http://www.webmd.com/eye-health/eye-health-keratoconus.

[3] The Amended Complaint contains no allegations against Dr. Michael Summerfield, who shall be dismissed. ECF No. 5.

and November 3, 2014 Ebbitt filed his Replies. ECF Nos. 27, 30, 31. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.).

Rule 56(a) of the Federal Rules of Civil Procedure provides that the "[C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Supreme Court has clarified that this does not mean any factual dispute will defeat the motion. "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) (emphasis in original).

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The Court must "view the evidence in the light most favorable to . . . the nonmovant, and draw all reasonable inferences in her favor without weighing the evidence or assessing the witnesses' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir 2002). At the same time, the Court also must abide by the "'affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial.'" *Bouchat*, 346 F.3d at 526 (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993)); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

On July 1, 2012, Wexford became the primary medical contractor for inmates in Maryland's Department of Public Safety and Correctional Services ("DPSCS").

*Cason v. Wexford Health Sources, Inc.,* No. CCB-14-482 (D. Md. May 16, 2014), Mot. Summ. J. ¶ 2, ECF No. 7-3 (Affidavit of Colin Ottey, M.D). Prior to July 1, 2012, however, Wexford did not directly provide primary health care to inmates in the DPSCS. *Id.* Rather, before July 1, 2012, Wexford provided utilization review services by contract to inmates in the DPSCS, which included reviewing requests received from correctional site medical directors for specialty care for certain diagnostic testing, referrals to specialists and other offsite specialty care for approval, deferral, denial, or other recommendation. *Id.* Prior to July 1, 2012, the contractual provider for primary medical care for the inmates in the DPSCS was Corizon, Inc., formerly known as Correctional Medical Services. *Id.*

On January 15, 2013, Marshall was prescribed and fitted with special contact lenses during a visit to Johns Hopkins Hospital. Compl. ¶ 2. As Marshall was a Maryland prisoner at that time, it is presumed that Wexford authorized and paid for the visit and contact lenses. Marshall alleges that Ebbitt intentionally neglected to pay Johns Hopkins Hospital for the lenses. ECF No. 26. Ebbitt, who is not a medical provider, asserts that he played no role in approving or denying expenditures for the lenses. Ebbitt Aff. 2–3, ECF 19-2. Whatever the cause of the delay,[4] Marshall now has the lenses and has failed to demonstrate that Ebbitt was responsible for any delay. Am. Mot. Summ. J. 3, ECF 31-2. Consequently, Ebbitt is entitled to summary judgment.

Separately, Marshall complains that the ophthalmologists, Defendants Green-Simms and Strickland, did not provide him pain medication for his migraines and did nothing to intervene when delivery of the contact lenses was delayed. Compl. 2. Marshall filed his original

---

[4] Marshall alleges delivery of the lenses was delayed because of non-payment. ECF No. 26. A note by University of Maryland Medical System physician Moulaye Haidara, based on her conversation with Marshall, suggests the delay resulted because personnel at Johns Hopkins' Wilmer Eye Center failed to deliver the lenses to the prison after Marshall failed to return for a follow-up visit. Am. Mot. Summ. J. 3.

3

Complaint on March 20, 2014 and his Amended Complaint on April 10, 2014.  ECF Nos. 1, 5. Marshall's attempts to serve Green-Simms and Strickland through Wexford have been unsuccessful because they were not Wexford employees.  ECF Nos. 14, 17, 22.  In addition, Green-Simms and Strickland were under no obligation to intervene in Wexford's alleged failure to pay for the lenses, which they neither fitted nor prescribed, and Marshall admits that Wexford physicians working at the prison provided him the necessary medication while waiting for his lenses.  Am. Compl. 1.  Marshall's Complaint against Green-Simms and Strickland shall be dismissed without prejudice for lack of service of process within 120 days after filing his Complaint pursuant to Fed. R. Civ. P. 4(m) and Local Rule 103.8.a (D. Md. 2014).

Accordingly, it is, this 18th day of November, 2014, by the United States District Court for the District of Maryland,

**ORDERED**, that Plaintiff's request for injunctive relief (ECF No. 1) is **DENIED AS MOOT**; and it is further

**ORDERED**, that Plaintiff's request for a conference (ECF No. 29) is **DENIED**; and it is further

**ORDERED**, that Defendants Green-Simms and Strickland are **DISMISSED** without prejudice; and it is further

**ORDERED**, that Defendant Summerfield is **DISMISSED**; and it is further

**ORDERED**, that Defendant Ebbitt's Amended Motion for Summary Judgment (ECF Nos. 19, 31) is **GRANTED** and judgment is **ENTERED** in Defendant Ebbitt's favor; and it is further

**ORDERED**, that the Clerk is **DIRECTED** to close this case; and it is further

4

5

**ORDERED**, that the Clerk of this Court is **DIRECTED** to mail a copy of this Memorandum Opinion and Order to Plaintiff and Counsel of Record.

                              /s/
                         ROGER W. TITUS
                         UNITED STATES DISTRICT JUDGE