IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **GREGORY MARSHALL, #183459,** | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RWT-14-0866 |
| **DR. AMY GREEN-SIMMS, et al.,** | * | |
| Defendants. | * | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Gregory Marshall filed a 42 U.S.C. § 1983 civil rights action seeking money damages[1] against Joseph Ebbitt, Director of Risk Management, HIPAA Compliance and Legal Affairs for Wexford Health Sources, Inc. ("Wexford") and three ophthalmologists who provide eye care to prisoners within the Maryland Division of Correction ("DOC"). Plaintiff alleged that Ebbitt failed to approve payment of special contact lenses prescribed and fitted for him at Johns Hopkins Hospital on January 15, 2013, and that the ophthalmologists refused to provide pain medication for migraines he attributed to the delay. ECF No. 1, at 2–3.

Defendant Ebbitt filed a Motion for Summary Judgment on July 14, 2014, ECF No. 19, and the Clerk sent a *Roseboro* notice[2] to Plaintiff on August 8, 2014, ECF No. 23. Plaintiff responded in opposition on August 6, 2014. ECF No. 26. Defendant Ebbitt amended his dispositive motion on November 3, 2014, ECF No. 31, and the Clerk sent a second *Roseboro*

---

[1] Plaintiff also sought injunctive relief mandating that he be provided the contact lenses at issue. As he has received the contact lenses, his request has been rendered moot. *See* ECF 31-2, at 3.

[2] The Fourth Circuit held in *Roseboro v. Garrison* that a *pro se* litigant must be given notice of a motion for summary judgment, an opportunity to file affidavits and pleadings in opposition to the motion, and a warning that failure to file affidavits in opposition to the motion could result in a grant of summary judgment for the moving party. 528 F.2d at 310; *Davis v. Zahradnick*, 600 F.2d 458, 460 (4th Cir. 1979). *Roseboro* notice is required when there is a dispositive motion and a possibility the Court will grant it based on affidavits filed by the moving party. *Roseboro*, 528 F.2d at 310; Fed. R. Civ. P. 56(b), (e). The notice lets the non-moving party know his opposition response is due in seventeen days.

notice on November 7, 2014, ECF No. 32. Plaintiff responded in opposition on November 24, 2014. ECF No. 37. The Court entered a Memorandum Opinion and Order closing this case on November 18, 2014, four months after Defendant Ebbitt's original filing date and fifteen days after his amendment.[3] ECF No. 36.

The Court received Plaintiff's response to Defendant Ebbitt's amended dispositive motion after it had already dismissed the case, and thus shall address it here as both an Opposition and a Motion for Reconsideration. ECF No. 37. To the extent Plaintiff's response is treated as an Opposition, Plaintiff again asserts that the delay in obtaining his contact lenses should be attributed to Defendant Ebbitt's refusal to pay. *Id.* As determined in the dispositive Memorandum Opinion, Defendant Ebbitt played no role in paying for the service provided and Plaintiff offers no evidence to suggest that non-payment caused the delay. ECF No. 36, at 3. Plaintiff's response provides no basis for reviving this lawsuit.

To the extent Plaintiff's response is treated as a Motion for Reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, Plaintiff fares no better. "A Rule 59(e) motion is discretionary. It need not be granted unless the [Court] finds that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 411 (4th Cir. 2010) (citing *Ingle ex rel. Estate of Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006)). The rule permits a district court to correct its own errors, "sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). Mere disagreement, however, does not support a Rule 59(e) motion. *Pettis v. Nottoway Cnty. Sch. Bd.*,

---

[3] The Court filed the Memorandum Opinion and Order prior to the seventeen-day response period provided by its second *Roseboro* notice regarding Defendant Ebbitt's amendment, but over four months after its first *Roseboro* notice regarding Defendant Ebbitt's original filing. ECF No. 32.

No. 14-1192, 2014 WL 5861530, at *2 (4th Cir. Nov. 13, 2014) (citing *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993)).  Plaintiff again fails to demonstrate that Defendant Ebbitt played any role in paying for the special contact lenses or that any non-payment caused a delay.  ECF No. 36, at 3.  Plaintiff's pleading provides no basis to alter the judgment of this Court.

Separately, on November 24, 2014, Plaintiff moved to amend the Complaint to include a wholly unrelated claim regarding his perceived danger at the hands of his cellmate.  ECF No. 38.  The Court shall deny leave to amend the Complaint and independently institute the matter as *Marshall, et al. v. Miller, et al.*, Civil Action No. GLR-14-3479 (D. Md. Nov. 4, 2014).

Accordingly, it is, this 5th day of February, 2015, by the United States District Court for the District of Maryland,

**ORDERED**, that Plaintiff's Motion to Amend Complaint (ECF No. 38) is **DENIED**; and it is further

**ORDERED**, that Plaintiff's response, construed as a Motion for Reconsideration (ECF No. 37), is **DENIED**; and it is further

**ORDERED**, that the Clerk is **DIRECTED** to mail a copy of this Memorandum Opinion and Order to Plaintiff and Counsel of Record.

                                                        /s/
                                       ROGER W. TITUS
                            UNITED STATES DISTRICT JUDGE